UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:12-1197 |
| v. ) | Judge Campbell/Bryant |
| ) | **Jury Demand** |
| $85,975.00 UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant ) | |
| ) | |
| and ) | |
| ) | |
| ERIC WOODRUFF, ) | |
| ) | |
| Claimant ) | |

## MEMORANDUM AND ORDER

Pending in this case is Plaintiff's Motion to Deem Admitted Certain Facts or Compel Claimant to Provide a More Definitive Answer (Docket Entry No. 27). Claimant Woodruff has responded in opposition (Docket Entry No. 31).

For the reasons stated below, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

### STATEMENT OF THE CASE

This is a civil forfeiture action in which Plaintiff United States seeks the forfeiture pursuant to 21 U.S.C. § 881(a)(6) of $85,975.00 on grounds that this money was furnished or intended to be furnished by a person in exchange for a controlled substance. Claimant Eric Woodruff opposes this forfeiture and claims the money is his. He seeks dismissal of the Government's forfeiture complaint.

**ANALYSIS**

The Government in its present motion challenges Woodruff's responses in his amended answer. Specifically, the United States asserts that Woodruff's response that he is "[w]ithout sufficient information to admit or deny" the allegations in paragraphs 12, 13, 17 and 19 of the affidavit of James D. Mann exhibited to the complaint do not appear to be in good faith and violate Rule 8 of the Federal Rules of Civil Procedure. The United States seeks an order deeming these four paragraphs admitted or, in the alternative, an order requiring Woodruff specifically to admit or deny these allegations.

Rule 8(b) of the Federal Rules of Civil Procedure contains the general rules of pleadings regarding an answer. Rule 8(b)(5) permits a party that lacks knowledge or information sufficient to form a belief about the truth of an allegation to so state, and this statement has the effect of a denial.

The four paragraphs in the Mann affidavit giving rise to this motion (paragraphs 12, 13, 17 and 19) all consist of the affiant's paraphrase of statements allegedly made by Claimant Woodruff on July 12, 2012, at the time of seizure of the subject currency.

In his amended answer (Docket Entry No. 26), Claimant Woodruff includes paragraph-by-paragraph responses both to the numbered paragraphs of the complaint and to the Mann affidavit. With regard to the affidavit, in paragraph 9 of his amended answer, Woodruff states as follows: "Claimant admits that there is an affidavit of James D. Mann which is attached to the government's

2

Complaint as *Exhibit 1* but Claimant denies the factual accuracy of all matters contained in the affidavit as it pertains to the Defendant and, therefore, enters a general denial as to factual matters contained in the affidavit pertaining to the Defendant." (Docket Entry No. 26 at 2-3). Woodruff's amended answer then includes paragraph-by-paragraph responses to the 24 numbered paragraphs in the Mann affidavit. In these responses, Woodruff admits certain specific allegations contained in the Mann affidavit. Specifically, Woodruff admits part of the allegations in paragraphs 4, 6, 10, 11, 12, 14, 16, and 20. (*Id*. at 3-4).

Finally, Woodruff's amended answer contains the following statement: "Claimant denies any and all allegations not specifically admitted above." (*Id*. at 4).

The undersigned Magistrate Judge finds that those statements in Woodruff's answer are confusing and in apparent conflict. On one hand, Woodruff in paragraph number 9 on page 2 of his amended answer "denies the factual accuracy of <u>all</u> matters contained in the affidavit as it pertains to the Defendant and, therefore, enters a general denial as to factual matters contained in the affidavit pertaining to the Defendant." (emphasis added) However, after providing specific responses to the paragraphs in the affidavit, some of which include admissions, Woodruff includes a statement that he "denies any and all allegations not specifically admitted above." Does Woodruff intend to deny "all" allegations in the Mann affidavit or only those allegations "not specifically admitted above"? At least to the undersigned, this

3

distinction is ambiguous and unclear, and requires clarification from Woodruff.

For the foregoing reasons, the undersigned Magistrate Judge **GRANTS** Plaintiff'S motion, but only to the following extent. Claimant Woodruff, on or before **August 29, 2014**, shall file an amended answer clarifying whether he denies <u>all</u> allegations in the Mann affidavit attached to the complaint or, alternatively, only those allegations that he does not admit in pages 3 and 4 of his amended answer (Docket Entry No. 26). With respect to other relief requested by Plaintiff, Plaintiff's motion is **DENIED**.

It is so **ORDERED**.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge