UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL NO.   3:12cv01197 |
| v. | ) | |
| | ) | Judge Campbell/Bryant |
| $85,975.00 UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| Eric Woodruff, Claimant | ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to LR 16.01(d), the following Initial Case Management Plan is **adopted**.

a.  **Jurisdiction**:

The Plaintiff asserts this Court has jurisdiction over an action commenced by the United

States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).  It

has in rem jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b), and venue is

proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving

rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395 because the

property is located in this district.

Woodruff does not dispute venue or jurisdiction.

b.  **Plaintiff's theory of the case:**

Claimant Woodruff obtained the Defendant $85,975.00 United States currency

("Defendant currency") by buying and selling illegal drugs.  He intended to use the Defendant

currency to buy three kilograms of cocaine with the intent to sell the cocaine, all in violation of

21 U.S.C. § 841(a)(1). The Defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

c. **Defendant's theory of the case:**

Eric Woodruff has standing to pursue the claim for return of the money at issue and he was in lawful possession of it. Woodruff did not obtain the money from an illicit drug sale, nor was it intended for the purchase of cocaine or any other drug. The money was wrongfully taken by officers from Woodruff, without probable cause, without warrant or consent and is not subject to forfeiture and must be returned to Eric Woodruff.

d. **Identification of the issues resolved:**

All issues are unresolved.

e. **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:**

None.

f. **Witnesses:**

    a. The United States reserves the right to call anyone as witness who is listed in its discovery responses and in the Defendant's discovery responses.

    b. Eric Woodruff reserves the right to call anyone as witness who is listed in his Discovery Responses and in the Plaintiff's discovery responses, to which there is no objection. This list may be supplemented by Woodruff as discovery progresses.

g. **Initial Disclosures and Staging of Discovery:**

Pursuant to Fed.R.Civ.P. 26, forfeiture in rem actions are exempt from initial disclosures.

Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge

h. **Dispositive motions:**

~~A deadline for the filing of dispositive motions should be listed as well as specific dates for the response and reply. Normally the response should be a date 28 days after the date of the~~ *okay* ~~motion filed, and the reply should be 14 days after the date the response is filed.~~

Dispositive Motion deadline: February 5, 2015. Responses are due March 6, 2015. Replies are due March 20th, 2015. If dispositive motions are filed early, the response and reply dates are moved up accordingly. The order should provide that the motion and response memoranda are limited to 25 pages and the reply, if a reply is filed, is limited to five pages, absent Court permission for longer pleading.

i. **Other deadlines:**

Discovery deadline for fact discovery is Monday, January 5, 2015.

Rule 26 Experts must be disclosed by January 5, 2015. An additional thirty days until February 5, 2015 will be allowed for taking depositions of any experts.

j. **Subsequent case management conferences:** A follow-up case management

~~There should be a provision for a subsequent case management conference. This date will~~ conference by telephone is set for December 2, 2014, at 9:30 A.M. ~~be selected based upon the needs of the case. It will normally be scheduled approximately 30~~ *okay* Counsel shall call (615) 695-2851 to participate. ~~days before the close of discovery. This follow-up case management conference will normally be conducted by telephone. The order should identify which counsel shall initiate the call~~

k. **Alternative dispute resolution:**

The parties request a mediation or a settlement conference by January 5, 2015.

l. **Target trial date:**

This is a jury trial at the request of the Claimant. The estimated length of the trial will be three days.

The parties request a target trial date of Monday, June 29, 2015, at least **90 days** after the date set for the filing of a reply brief for dispositive motions, or if no dispositive motions are anticipated, approximately **3 months** after the close of discovery.

It is so **ORDERED:** *The target trial date is June 30, 2015.* *JSB*

_____
JOHN S. BRYANT
United States Magistrate Judge


APPROVED FOR ENTRY:

DAVID RIVERA
United States Attorney

By: s/ Debra Teufel Phillips
DEBRA TEUFEL PHILLIPS
Assistant United States Attorney
110 9TH Avenue South, Suite A-961
Nashville, Tennessee 37203
615 736-5151
deb.phillips@usdoj.gov
Attorney for Plaintiff

Counsel for Claimant:

By: s/ Matthew E.Wright
Matthew E. Wright, BPR 022596
Hardee, Martin, Donahoe, Owens & Wright, P.A.
213 East Lafayette St.
Jackson, TN 38301

Joy S. Kimbrough
306 Gay Street, Suite 102
Nashville, TN 37201